```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

RANDALL RONDOWKSY FELDER, #86588                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 3:06cv646TSL-JCS

DANNY SMITH                                                   DEFENDANTS

## OPINION AND ORDER

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff Randall Rondowksy Felder, an inmate incarcerated at the Pike County Jail, Magnolia, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 and seeks as relief monetary damages and that the defendant be removed as a city judge.  The named defendant is Danny Smith, City Judge for McComb, Mississippi.

The plaintiff complains that on October 25, 2006, defendant Judge Smith violated the plaintiff's rights because he failed to find in favor of the plaintiff, the bond which was set violated the plaintiff's rights against cruel and unusual punishment, and he did not recognize the conflict between the parties.  As a result of defendant Judge Smith's action, the plaintiff argues that he was "made guilty" even though he did not have a chance to speak on his own behalf.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u>

and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action cannot be maintained since the defendant is immune from the requested relief.

The allegations of this complaint against defendant Judge Smith demonstrate that he was acting within his judicial discretion when he ruled on the plaintiff's case in city court. It is clearly established law that a judge is absolutely immune from damages under these circumstances. See Stump v. Sparkman, 435 U.S. 349 (1978). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986). Accordingly, the plaintiff cannot maintain this action pursuant to § 1983 against defendant Judge Smith.

## Conclusion

As discussed above, this action seeks monetary relief against a defendant who is immune from such relief. Consequently, this complaint will be dismissed with prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the  11th    day of January, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE